**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**(Electronically Filed: August 1, 2006)**

| | | |
|---|---|---|
| **SEVENSON ENVIRONMENTAL SERVICES, INC.,** <br> **Plaintiff,** <br> **v.** <br> **THE UNITED STATES and SHAW ENVIRONMENTAL, INC.** <br> **Defendant** | * | **No.: 05-1075C** <br> **JUDGE THOMAS C. WHEELER** |

**ANSWER OF SHAW ENVIRONMENTAL, INC.**

Shaw Environmental, Inc. ("Shaw") respectfully submits its answer to the averments contained in the complaint filed by plaintiff Sevenson Environmental Services, Inc. ("Sevenson"), in accordance with Rule 24(c) of the Rules the Court of Federal Claims, and states as follows:

**NATURE OF THE ACTION**

1. Shaw admits that this action is for claims arising under 28 U.S.C. § 1498. The remaining averments of paragraph 1 of the Complaint are conclusions of law to which no response is required. To the extent that they are deemed to be averments of fact, Shaw denies them.

**PARTIES**

2. Shaw admits the allegations in Paragraph 2.

3. Based on the Answer filed by the United States of America ("the government"), Shaw admits that the United States Department of the Army and the U.S. Army Corps of Engineers ("USACE") are a part of the United States. Shaw admits that the headquarters of the USACE is located in Washington, D.C. Shaw also admits that the seat of the federal government is in Washington, D.C. Any other averments in paragraph 3 are denied.

**JURISDICTION**

4. Shaw admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1498(a).

**ALLEGATIONS OF FACTS**

5. Shaw admits that in 1995 a Total Environmental Restoration Contract ("TERC") with Contract No. DACA31-95-D-0083 was awarded by the government to ICF Kaiser to remediate the Colonie, New York, FUSRAP site. Shaw denies the remaining allegations in paragraph 5 of the Complaint.

6. Shaw admits the averments in paragraph 6 of the Complaint.

7. Shaw denies the averments in paragraph 7 of the Complaint.

8. Shaw admits the averments in paragraph 8 of the Complaint.

9. Shaw admits that the contract ceiling for government funding under the TERC contract described in paragraph 5 was in jeopardy of being exceeded. The USACE awarded contract No. DACW41-01-D0031, a Pre-Placed Remedial Action Contract ("PRAC") to IT Corporation for remediation at the Colonie, New York FUSRAP site, among other sites in the North Atlantic Division. Any remaining averments in paragraph 9 are denied.

10. Shaw admits the allegations of paragraph 10 of the Complaint.

11. The averment of paragraph 11 is a conclusion of law to which no response is required. To the extent that it is considered an averment of fact, it is denied.

12. Shaw denies the averments in paragraph 12 of the Complaint with respect to "the Shaw Group, Inc." [sic]. Shaw admits that Shaw Environmental, Inc. received the novation of the PRAC Contract and performed work thereunder.

13. Shaw denies the averments in paragraph 13 of the Complaint with respect to "the Shaw Group, Inc." [sic]. Shaw admits that its predecessors in interest utilized phosphoric acid at the Colonie, New York FUSRAP site. Shaw denies the remaining averments in paragraph 13 of the Complaint.

14. The averment of paragraph 14 is a conclusion of law to which no response is required. To the extent that it is considered an averment of fact, it is denied.

**COUNT I**

**INFRINGEMENT OF UNITED STATES PATENT NO. 5,527,982**

15. Shaw incorporates by references its answers contained in paragraphs 1 through 14 set forth above.

16. Shaw admits that on June 18, 1996, U.S. Patent No. 5,527,982 ("`982 patent"), entitled "Fixation and Stabilization of Metals in Contaminated Materials," issued. Shaw also admits that the named inventors on the face of the `982 patent are Dhiraj Pal and Karl W. Yost. Shaw also admits that Sevenson Environmental Services, Inc. is designated as assignee on the face of the `982 patent. Shaw admits that a copy of the `982 patent was attached to the Complaint as Exhibit A. Shaw is without knowledge or information sufficient to form a belief as to the truth as to whether Sevenson remains the owner of the entire right, title, and

interest in the '982 patent. Therefore, Shaw denies this averment. To the extent that there are other averments of fact in paragraph 16, Shaw denies them.

17. The averments of paragraph 17 of the Complaint are conclusions of law to which no response is required. To the extent that there are averments of fact, Shaw denies them.

18. The averments of paragraph 18 of the Complaint are conclusions of law to which no response is required. To the extent that there are averments of fact, Shaw denies them.

**COUNT II**

**INFRINGEMENT OF UNITED STATES PATENT NO. 5,732,367**

19. Shaw incorporates by references its answers contained in paragraphs 1 through 14 set forth above.

20. Shaw admits that on March 24, 1998, U.S. Patent No. 5,732,367 ("`367 patent"), entitled "Reduction of Leachability and Solubility of Radionuclides and Radioactive Substances in Contaminated Soils and Materials," issued. Shaw also admits that the named inventors on the face of the `367 patent are Karl W. Yost and Steven A Chisick. Shaw also admits that Sevenson Environmental Services, Inc. is designated as assignee on the face of the `367 patent. Shaw admits that a copy of the `367 patent was attached to the Complaint as Exhibit B. Shaw is without knowledge or information sufficient to form a belief as to the truth as to whether Sevenson remains the owner of the entire right, title, and interest in the `367 patent. Therefore, Shaw denies this averment. To the extent that there are other averments of fact in paragraph 20, Shaw denies them.

21. The averments of paragraph 21 of the Complaint are conclusions of law to which no response is required. To the extent that there are averments of fact, Shaw denies them.

22. The averments of paragraph 22 of the Complaint are conclusions of law to which no response is required. To the extent that there are averments of fact, Shaw denies them.

**COUNT III**

**INFRINGEMENT OF UNITED STATES PATENT NO. 5,916,123**

23. Shaw incorporates by reference its answers contained in paragraphs 1 through 14 set forth above.

24. Shaw admits that on June 29, 1999, U.S. Patent No. 5,916,123 ("`123 patent"), entitled "Fixation and Stabilization of Metals in Contaminated Soils and Materials," issued. Shaw also admits that the named inventors on the face of the `123 patent are Dhiraj Pal and Karl W. Yost. Shaw also admits that Sevenson Environmental Services, Inc. is designated as assignee on the face of the `123 patent. Shaw admits that a copy of the `123 patent was attached to the Complaint as Exhibit C. Shaw is without knowledge or information sufficient to form a belief as to the truth as to whether Sevenson remains the owner of the entire right, titled and interest in the `123 patent. Therefore, Shaw denies this averment. To the extent that there are other averments of fact in paragraph 24, Shaw denies them.

25. The averments of paragraph 25 of the Complaint are conclusions of law to which no response is required. To the extent that there are averments of fact, Shaw denies them.

26. The averments of paragraph 26 of the Complaint are conclusions of law to which no response is required. To the extent that there are averments of fact, Shaw denies them.

**COUNT IV**

**INFRINGEMENT OF UNITED STATES PATENT NO. 5,994,608**

27. Shaw incorporates by reference its answers contained in paragraphs 1 through 14 set forth above.

28. Shaw admits that on November 30, 1999, United States Patent No. 5,994,608 ("the `608 patent"), entitled "Reduction of Leachability and Solubility of Radionuclides and Radioactive Substances in Contaminated Soils and Materials," issued. Shaw also admits that the named inventors on the face of the `608 patent are Dhiraj Pal, Karl W. Yost, and Steven A. Chisick. Shaw also admits that Sevenson Environmental Services, Inc. is designated as assignee on the face of the `608 patent. Shaw admits that a copy of the `608 patent was attached to the Complaint as Exhibit D. Shaw is without knowledge or information sufficient to form a belief as to the truth as to whether Sevenson remains the owner of the entire right, title and interest in the `608 patent. Therefore, Shaw denies this averment. To the extent that there are other averments of fact in paragraph 28, Shaw denies them.

29. The averments of paragraph 29 of the Complaint are conclusions of law to which no response is required. To the extent that there are averments of fact, Shaw denies them.

30. The averments of paragraph 30 of the Complaint are conclusions of law to which no response is required. To the extent that there are averments of fact, Shaw denies them.

**COUNT V**

**INFRINGEMENT OF UNITED STATES PATENT NO. 6,139,485**

31. Shaw incorporates by reference its answers contained in paragraphs 1 through 14 set forth above.

32. Shaw admits that on October 31, 2000, United States Patent No. 6,139,485 ("the `485 patent"), entitled "Fixation and Stabilization of Metals in Contaminated Soils and Materials," issued. Shaw also admits that the named inventors on the face of the `485 patent are Dhiraj Pal and Karl W. Yost. Shaw also admits that Sevenson Environmental Services, Inc. is designate as assignee on the face of the `485 patent. Shaw admits that a copy of the `485 patent

was attached to the Complaint as Exhibit E. Shaw is without knowledge or information sufficient to form a belief as to the truth as to whether Sevenson remains the owner of the entire right, title and interest in the `485 patent. Therefore, Shaw denies this averment. To the extent that there are other averments of fact in paragraph 32, Shaw denies them.

33. The averments of paragraph 33 of the Complaint are conclusions of law to which no response is required. To the extent that there are averments of fact, Shaw denies them.

34. The averment of paragraph 34 of the Complaint are conclusions of law to which no response is required. To the extent that there are averments of fact, Shaw denies them.

**REQUESTED RELIEF**

Shaw denies that Sevenson is entitled to any relief set forth in paragraphs A through E of the Complaint.

**SHAW'S FURTHER ANSWER CONCERNING AFFIRMATIVE DEFENSES**

27. Shaw joins the government in stating that the government has not infringed any claim of any asserted patents in the Complaint, including the `982, `367, `123, `608, and `485 patents.

28. Shaw joins the government in stating that each claim of the `982, `367, `123, `608, and `485 patents alleged to have been infringed by the government is invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, and 112, and perhaps other reasons, which when ascertained, Shaw prays leave to add to this Answer or otherwise give notice to Sevenson.

29. Shaw joins the government in stating that Sevenson is not entitled to any compensation under 28 U.S.C. § 1498(a). If Sevenson were awarded compensation, such compensation would include delay compensation, not prejudgment or post judgment interest.

30. Shaw joins the government in stating that to the extent that Sevenson is seeking recovery for any of the government's alleged unauthorized use occurring more than six years before the filing of the Complaint, Sevenson is precluded from any such recovery, as set forth in 35 U.S.C. § 286 and/or 28 U.S.C. §§ 2401 and 2501.

31. Shaw joins the government in asserting any and all defenses which are presently unknown to Shaw or the government, but which, when ascertained, Shaw prays leave to add to this answer.

**WHEREFORE**, Shaw joins the government in respectfully requesting the following relief:

A. That the Court dismiss the Complaint with prejudice, and that the Court deny each prayer for requested relief sought by Sevenson;

C. That the Court adjudge that each claim of the `982, `367, `123, `608, and `485 patents is not infringed by the work at the Colonie site.

D. That the Court adjudge each claim of the `982, `367, `123, `608, and `485 patents invalid for failure to comply with the requirements set forth in 35 U.S.C. §§ 102, 103, and 112.

E. That the Court adjudge that Sevenson is not entitled to any compensation pursuant to 28 U.S.C. § 1498(a).

F. That the Court deny recovery for any of Sevenson's alleged unauthorized use occurring more than six years before the filing of the Complaint, as set forth in 35 U.S.C. § 286 and/or 28 U.S.C. §§ 2401 and 2501.

G. That Shaw and the government recover from Sevenson all of its expenses, including costs and attorneys' fees; and

H. That Shaw and the government have such further relief as the Court deems proper and just.

Respectfully submitted,

s/ Russel O. Primeaux______________

Russel O. Primeaux
Kean Miller Hawthorne
D'Armond McCowan & Jarman LLP
One American Place, 22nd Floor
Post Office Box 3513
Baton Rouge, LA 70821-3513
Phone: 225.387.0999
Facsimile: 225.388.9133

***Counsel for Shaw Environmental, Inc.***

Of Counsel:

J. Eric Lockridge
Anthony G. Boone
Kean Miller Hawthorne
D'Armond McCowan & Jarman LLP
One American Place, 22nd Floor
Post Office Box 3513
Baton Rouge, LA 70821-3513
Phone: 225.387.0999
Facsimile: 225.388.9133

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing "**ANSWER OF SHAW ENVIRONMENTAL, INC.**" was filed by using the Court's CM/ECF system so that a copy was sent to the following persons automatically via email, and that another copy was sent to them via first class mail, postage pre-paid, this day, August 1, 2006:

Kenneth L. Cage
Brian E. Ferguson
MCDERMOTT, WILL & EMERY
600 13TH Street, N.W.
Washington, D.C. 20005

Kevin A. Szanyi
Nelson Perel
WEBSTER SZANYI LLP
1400 Liberty Building
Buffalo, New York 14202

Peter D Keisler
John J. Fargo
Marcy E. Cook
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

_s/ J. Eric Lockridge ______________________________
J. Eric Lockridge