# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------

SEVENSON ENVIRONMENTAL SERVICES, INC.,

Plaintiff,

- vs - Docket No. 02-CV-0527A

SHAW ENVIRONMENTAL, INC.,

Defendant.

---------------------------------------

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT CHIEF JUDGE

APPEARANCES:

For the Plaintiff: NELSON PEREL, ESQ., BRIAN FERGUSON, ESQ., TODD M. SCHIFFMACHER, ESQ,

For the Defendant: ROBERT J. LANE, JR., ESQ., MARK S. GRAHAM, ESQ.

Court Reporter: Yvonne M. Garrison, Official Court Reporter U.S.D.C., W.D.N.Y. 68 Court Street Buffalo, New York 14202

THE CLERK: Civil Action 2002-527A, Sevenson Environmental Services, Incorporated versus Shaw Environmental, Incorporated. Oral argument on appeal from Hugh B. Scott's decision and order dated July 28th, 2005, and the report and recommendation dated September 6th, 2005 objections thereto.

Counsel, please state your name and the party you represent for the record.

MR. PEREL: Good morning, Your Honor. Nelson Perel with the law firm Webster Szanyi, and I'm here for the Plaintiff Sevenson Environmental Services. And with me today I have Mr. Brian Ferguson from the law firm of McDermott, Will & Emery in Washington D.C.. And he will be handling one of the three arguments this morning.

THE COURT: All right.

MR. LANE: Your Honor, it's Robert Lane from Hodgson Russ. With me is Mark Graham from the firm of Luedeka, Neely & Graham. Mr. Graham will be arguing both motions.

THE COURT: All right. Mr. Ferguson, you've got an uphill battle on this one.

MR. FERGUSON: I appreciate the --

THE COURT: I don't want to set you off on the wrong note here. But I read the papers over, and I thought Judge Scott did a pretty good job here.

MR. FERGUSON: I appreciate the warning.

THE COURT: So let's see if you can persuade me

Now, in the Federal Court of Claims the Statute of Limitations for patent infringement is six years. So when we received --

THE COURT: Even though there wouldn't be any towing or anything?

MR. FERGUSON: No, there's not, Your Honor. We've checked into that.

Even though -- so when we received Judge Scott's recommendation in September that he believed the case should be dismissed, we were stuck in a situation where we may not have had a forum unless we immediately brought suit in the claims court against the government as a protective measurement.

We did do that. We filed suit against the government for the infringing acts. And that -- we just filed it in early October so that we could beat the Statute of Limitations. But that case, obviously nothing has happened yet.

What I would then ask Your Honor is that if you are leaning towards believing that Judge Scott's recommendation is the correct one, what I would ask is that you stay this case. Place it on stay while we wait and see if the United States Government does indeed accept responsibility for the infringement. Or are we going to be in a situation like in Carrier, the Carrier case that we've cited frequently to you, where the United States Government said we're not responsible for this infringement, we're not going to accept responsibility

for it. That's the problem of the contractor.

So we do have a situation here where we have filed the complaint now against the United States Government. We still believe that Shaw is the proper defendant, and that the proper forum is here in your court. But if --

THE COURT: Well, is there an issue about who the proper defendant is?

MR. FERGUSON: There is because --

THE COURT: I see what you're saying.

MR. FERGUSON: Right, right. It's either the government or the private company.

THE COURT: I got you.

MR. FERGUSON: Right, or the company Shaw. So again, Your Honor, if you're leaning that way then we would ask that respectfully that you would stay this case so that we don't lose a forum. Because what could happen here is that if you grant the motion to dismiss or you grant summary judgement here, we may have a res judicata against coming back here.

THE COURT: Would the claims court be -- Federal Court of Claims, Federal Circuit -- whatever -- would they be bound by our decision here?

MR. FERGUSON: No, they wouldn't be, Your Honor. Because they would be simply examining the issue of whether or not the government is the proper defendant. And the government may very well come into the Court of Claims, the claims court,

So I guess what it was is because I kind of set it off that it's a try to swim up river. So I guess counsel says, well, maybe I'm not going to have a very good day today. So if that's the case, Judge, why don't you stay it.

MR. FERGUSON: Well, also, Your Honor, we just filed the complaint against the government less than a month ago because we had to get it in under the Statute of Limitations.

THE COURT: Were you aware of that?

MR. GRAHAM: We found out about it through investigation. We were going to bring it to the Court's attention today. But they certainly have had enough time to file a motion for stay. You know, this is the first I've heard of it. I think once --

THE COURT: Off the top of -- well, what do you think about that?

MR. GRAHAM: I don't think that's appropriate. I don't think what may happen over there has any bearing on this.

THE COURT: So you're opposed to it?

MR. GRAHAM: Yes, sir.

MR. PEREL: Your Honor, I practice in the environmental field. These fellows are patent lawyers. So I deal with the EPA, and the Army Corp, I deal with work plans. That's what I do on a daily basis. And I have to tell you if -- you know, I represent these contractors, I represent clients that submit these work plans. And if you issue a