# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SEVENSON ENVIRONMENTAL SERVICES, INC.,

Plaintiff.

Case No.: 02-CV-0527A
Arcara / Scott

v.

SHAW ENVIRONMENTAL, INC.,

Defendant.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT CONTAINING FEWER THAN ALL CLAIMS UNDER FED. R. CIV. P. 54(b) AND 58

Comes the Defendant, Shaw Environmental, Inc., by and through counsel, and by way of response to the Motion for Entry of Judgment filed by Sevenson Environmental Services, states as follows:

The Order of March 22, 2006, granting Shaw's Motion for Summary Judgment on its Government contractor immunity defense under 28 U.S.C. §1498 does not touch on Shaw's pending counterclaims. These counterclaims seek declarations from the Court that the asserted patents are invalid, and that Shaw has not infringed any of the asserted patents by reason of its remediation work for the Government at a hazardous waste site owned by the Government in Colonie, New York. Before the Order was entered, Sevenson sued the Government in the U.S. Court of Federal Claims ("CFC") alleging infringement of the same patents involved in Shaw's Counterclaim. The suit is based on Shaw's work for the Government at the Colonie site. In view of Shaw's contract with the Government pertaining to the Colonie site project, it can be argued that a continuing and justiciable case or controversy remains which supports this Court's subject matter jurisdiction over Shaw's declaratory judgment counterclaims.

However, Shaw does not desire to pursue its counterclaims in this Court at this time if Sevenson's claims of alleged infringement directed at Shaw are ultimately dismissed with prejudice after exhaustion of all appeals or otherwise. Accordingly, to the extent it is necessary, Shaw consents to entry of summary judgment in its favor on its contractor immunity defense

under 28 U.S.C. § 1498 and under Fed. R. Civ. P. 54(b) dismissing Sevenson's claims with prejudice in order to allow Sevenson to appeal the Court's ruling to the Federal Circuit. To this end, Shaw would also consent to a stay of the case with respect to its counterclaims pending disposition of Sevenson's appeal. Thereafter, assuming Sevenson loses its appeal, Shaw will consent to dismissal of its counterclaims without prejudice.

In the alternative, if deemed necessary, Shaw consents to dismissal of its pending counterclaims without prejudice so long as it is made clear that Shaw may reinstate the same in the unlikely event Sevenson's appeal is successful.

Accordingly, Shaw would agree to (1) the entry of final judgment on all claims asserted by Sevenson and the dismissal of Shaw's counterclaims without prejudice to Shaw refiling its counterclaims if Sevenson's appeal is unsuccessful, or (2) the entry of final judgment on all of Sevenson's claims under Fed. R. Civ. P. 54(b) with Shaw's counterclaims stayed pending final disposition of Sevenson's appeal.

Respectfully submitted,

Date: May 5, 2006

s/ Michael J. Bradford
Michael J. Bradford
mbradford@lng-patent.com

Mark S. Graham
J. David Gonce
Geoffrey D. Kressin
Michael J. Bradford
LUEDEKA, NEELY & GRAHAM, P.C.
P.O. Box 1871
Knoxville, Tennessee 37901-1871

and

Robert J. Lane, Jr.
HODSON, RUSS, ANDREWS, WOODS &
GOODYEAR, LLP
One M&T Plaza, Suite 2000
Buffalo, NY 14203-2391

**COUNSEL FOR DEFENDANT,**
**SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I, Michael J. Bradford, hereby certify that on May 5, 2006, I electronically filed the foregoing Defendant's Response to Plaintiff's Motion for Entry of Judgment Containing Fewer Than All Claims Under Fed. R. Civ. P. 56(b) and 58, with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

Kevin A. Szanyi, Esq.
Nelson Perel, Esq.
WEBSTER SZANYI, LLP
1400 Liberty Building
Buffalo, NY 14202

All other parties will be served by regular U.S. mail.

s/Michael J. Bradford
Michael J. Bradford