**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

| | |
|---|---|
| SEVENSON ENVIRONMENTAL SERVICES, INC., Plaintiff, | |
| v. | No. 05-1075C |
| THE UNITED STATES Defendant | Judge Thomas C. Wheeler |
| and | |
| SHAW ENVIRONMENTAL, INC., Defendant-Intervenor. | |

Electronically Filed on April 12, 2007

**JOINT STATUS REPORT**

Pursuant to the Court's March 28, 2007 Order, plaintiff Sevenson Environmental Services, Inc. ("Sevenson"); defendant the United States (the "Government"); and defendant-intervenor Shaw Environmental, Inc. ("Shaw") hereby submit this Joint Status Report. The Government and Shaw are herein referred to collectively as the "Defendants."

Counsel for Sevenson and the Government met via telephone on April 9, 2007 to discuss current status and further proceedings. The issues, along with the positions of the various parties are set forth below. Further, the parties respond to the Court's request that the parties submit a proposed schedule for further proceedings on or before April 12, 2007.

**I. Enlargement of Time to Propose Schedule**

With respect to the proposed schedule for further proceedings, the parties are still in the process of reevaluating their respective positions on infringement and invalidity in light of the Court's decision construing terms in the patents and, on this basis, plan to explore possible settlement. In the event settlement cannot be achieved, the parties have identified two issues requiring further discussion and analysis that may impact their joint proposal for the next stage case management plan. The first issue concerns potential early summary judgment motions relating to infringement and invalidity in light of the Court's decision. The second issue concerns merits discovery relating to non-Colonie, New York sites identified by the government in recent responses to interrogatories. The parties respectfully request a brief delay in proposing a schedule for further proceedings to determine whether settlement can be achieved at this time and, if necessary, to meet and confer concerning summary judgment and the proper scope of discovery.

The parties respectfully request leave of Court to file a proposed schedule for further proceedings on or before May 31, 2007.

**II. Summary Judgment**

In light of this Court's Markman opinion, the Government is exploring filing a motion for summary judgment of non-infringement of U.S. Patents 5,527,982; 5,916,123; 5,944,608; and 6,139,485, with respect to the method used at the Colonie, New York FUSRAP site, and may seek summary judgment for invalidity of United States Patent 5,732,367.

Sevenson believes that any summary judgment motions will require expert declarations or testimony. Sevenson thus asserts that this case is not amenable to resolution through summary judgment at least until expert discovery has taken place.

## III. Remaining Discovery Issues

### A. Additional Sites

In its complaint, Sevenson has alleged that the soil remediation activities at the Colonie, New York FUSRAP site infringed certain patents owned by Sevenson. Plaintiff's first set of interrogatories to the Government on January 16, 2007, requested that the Government to identify sites, other than the Colonie, New York site, where the Government and/or its contractors or subcontractors used the "accused treatment method."

The Government raised several objections to this interrogatory, particularly because of Sevenson's broad definition of "accused treatment method," the unduly burdensome nature of such an overly broad definition, and the premature use of terms not yet defined by the Court at the time of the Government's response. Nonetheless, the Government responded that chemical stabilization treatment methods utilizing a phosphate-based chemical have been used by the following agencies: the United States Army Corps of Engineers ("USACE"); the United States Environmental Protection Agency ("USEPA"); the United States Department of Energy ("DOE"); the United States Navy ("Navy"); and/or the United States Air Force ("Air Force"); and listed twenty-eight sites.

Defendants' Position: Sevenson has not, as of yet, established that is has a good faith basis for alleging infringement at any of the sites listed in the Government's response to

Sevenson's first set of interrogatories, and has not affirmatively alleged such infringement by amending its complaint. Accordingly, allowing discovery on any additional sites constitutes an impermissible use of discovery to seek new allegations of infringement, rather than to prove its existing allegations. Discovery for the Colonie, New York FUSRAP site generated over 150,000 pages of documents, and approximately 27 depositions during litigation between Sevenson and Shaw in the United States District Court for the Western District of New York (Buffalo Division) (the "Buffalo litigation"). Discovery on additional sites will become a major undertaking, likely to consume substantial time and resources of not only the parties and several governmental agencies, but also this Court. Further, Sevenson had ample time to investigate phosphate-based soil remediation at other sites, and develop allegations of infringement at other sites, prior to bringing this action.

Plaintiff's Position: It is disingenuous for the Government to complain that Sevenson has not investigated other possible infringement at other sites. As set forth in Sevenson's claim construction materials, it is estimated that there are 294,000 hazardous waste sites throughout the country. *See* U.S. EPA Publication, *Cleaning Up the Nation's Waste Sites: Markets and Technology Trends,* p. viii (2004 Ed.) The Government, through its agencies, administers the clean up of many thousands of those sites. The Government is therefore in the best position to know what clean-up methods are used at each one of those sites. Indeed, the Government was able to identify in its interrogatory responses approximately 28 sites that use a phosphate-based treatment method. While it may increase the complexity of the case for the Government to respond to discovery regarding those sites, that is the price the Government and its contractors must pay for using Sevenson's patented methods without first seeking a license from Sevenson.

Should the parties efforts at settlement prove unsuccessful, Sevenson will ask the Court to allow discovery regarding the 28 sites identified by the Government. Sevenson will also seek to obtain information regarding the sites through FOIA requests, as appropriate. Finally, Sevenson anticipates moving to compel complete interrogatory responses from the Intervenor. While the Government identified three additional sites in its interrogatory responses where the Intervenor is using a phosphate-based treatment method, the Intervenor did not identify those sites in its interrogatory responses. Indeed, the Intervenor simply objected wholesale to Sevenson's interrogatories.

**B. Other Factual and Document Discovery for the Colonie, New York Site**

The Government is still in the process of reviewing the discovery generated from the Buffalo litigation, however it appears at this time that additional discovery related to the Colonie, New York FUSRAP site will be unnecessary.

**C. Expert Discovery**

Sevenson and Shaw completed technical and damages expert discovery during litigation in the Buffalo litigation, however the parties to the present case have completed no expert discovery, and there is presently no expert discovery schedule.

Plaintiff's Position: Plaintiff believes that expert discovery will be necessary in this case. Plaintiff also asserts that expert discovery will be necessary prior to possible resolution of any motion for summary judgment brought by the Government, as the issues of infringement and validity will require expert opinion and analysis.

Defendant's Position: The Government believes that expert discovery may be necessary depending on both the outcome of its motion for summary judgment and also resolution of the issue of additional sites.

Respectfully submitted,

Dated: April 12, 2007

/s/ Paul E. Poirot for Brian E. Ferguson
Brian E. Ferguson
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005
(202) 756-8000
bferguson@mwe.com

WEBSTER SZANYI LLP
Kevin A. Szanyi
Nelson Perel
Todd M. Schiffmacher
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
nperel@websterszanyi.com

Attorneys for Plaintiff, Sevenson Environmental Services, Inc.

Dated: __April 12, 2007_____

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

___s/ Joshua B. Brady____________________

JOSHUA B. BRADY
Attorney
Civil Division
U.S. Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0285
Facsimile: (202) 307-0345

Attorneys for Defendant the United States

OF COUNSEL:
Susan Mitchell
Attorney
U.S. Department of Justice

Dated: __April 12, 2007_____

__s/ Russel O. Primeaux_by s/ Joshua B. Brady___

Russel O. Primeaux
Kean Miller Hawthorne D'Armond
McCowan & Jarman LLP
One American Place, 22nd Floor
Post Office Box 3513
Baton Rouge, LA 70821-3513
(225) 387-0999
Russel.Primeaux@keanmiller.com

Attorney for Shaw Environmental, Inc.